Filed 1/27/23 P. v. Harper CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074670 |
| v. | (Super.Ct.No. RIF100702) |
| JASON SCOTT HARPER, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Kristen Kinnaird Chenelia and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2002, a jury convicted defendant and appellant Jason Scott Harper of first degree felony murder and found true a robbery-murder special circumstance allegation for defendant's participation in the robbery of a store, which resulted in the murder of the store's manager. Although defendant was 16 years old at the time of the robbery, the trial court sentenced him to state prison for life without the possibility of parole. This court affirmed the judgment on direct appeal in 2004 but, more than a decade later, the trial court resentenced defendant to 25 years to life after a federal district court issued a writ of habeas corpus.

In January 2020, defendant petitioned the superior court to vacate his murder conviction pursuant to Penal Code[1] former section 1170.95,[2] a resentencing statute enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). In a nutshell, that bill limited the offense of murder under the felony-murder rule to defendants who: (1) are the actual killer; (2) are not the actual killer but who share the killer's intent to kill and aid and abet in the killing; or (3) are a major participant in a felony and who act with reckless indifference to human life. It also eliminated the offense of murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 846, 848.) The superior court dismissed defendant's petition because the jury in his trial had found that he was a major participant in the robbery, who acted with reckless

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

indifference to human life, and those findings had been upheld on appeal. Defendant appeals, arguing the jury's special circumstance finding does not render him ineligible for relief under former section 1170.95.

We previously held that defendant's undisturbed and final special circumstance finding barred him as a matter of law from petitioning for relief under former section 1170.95.[3] On November 22, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We vacated our decision on November 30, 2022, and requested supplemental briefs. In their supplemental briefs, the parties agree (1) the trial court erred by summarily denying defendant's resentencing petition at the prima facie review stage, and (2) this court must reverse the order and remand for the trial court to conduct another prima facie review and determine anew whether to issue an order to show cause (OSC) and set an evidentiary hearing on the petition. We agree and so order.

---

[3] On December 10, 2019, defendant separately petitioned the California Supreme Court for a writ of habeas corpus challenging the validity of the special circumstance finding. On October 28, 2020, the Supreme Court directed the Secretary of the Department of Corrections and Rehabilitation to show cause before this court why defendant is not entitled to relief. (*In re Harper on Habeas Corpus*, S259563.) In an opinion filed March 17, 2022, this court denied defendant's petition. (*In re Harper* (2022) 76 Cal.App.5th 450.)

We previously reserved ruling on (1) defendant's November 2, 2020 request for judicial notice of documents from the original proceeding in *In re Harper*, *supra*, 76 Cal.App.5th 450, and (2) his January 6, 2023 request for judicial notice of documents from another petition for writ of habeas corpus he filed in the California Supreme Court, which was denied on January 11, 2023. (*In re Jason Harper on Habeas Corpus* (June 7, 2023, S275040).) We have received no opposition to either request, and the requests are now granted. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

# I.

## PROCEDURAL BACKGROUND[4]

In 2002, a jury convicted defendant of one count of first degree murder (§ 187, subd. (a)) and found true a robbery-murder special circumstance allegation (§ 190.2, subd. (a)(17)(A)). The trial court sentenced him to life without the possibility of parole (LWOP).

On direct appeal, this court affirmed the judgment after rejecting defendant's assertions that: (1) insufficient evidence supported the jury's findings that he acted with reckless indifference to human life to support the special circumstance finding; (2) the trial court abused its discretion when it failed to exercise its discretion to sentence him to 25 years to life instead of LWOP; and (3) his sentence of LWOP was cruel and/or unusual punishment under the federal and state constitutions. (*People v. Brown et al.* (Jan. 7, 2004, E032616) [nonpub. opn.].) In the context of his cruel and/or unusual punishment argument, this court also concluded the record contained substantial evidence that defendant was a major participant in the robbery. (*Ibid.*) The California Supreme Court denied defendant's petition for review. (*People v. Brown et al.*, review denied Mar. 30, 2004, S122525.)

---

[4] The underlying facts of this case are immaterial to the narrow legal question addressed in this opinion.

In 2015, the trial court denied defendant's request to be resentenced to 25 years to life, pursuant to *Miller v. Alabama* (2012) 567 U.S. 460. This court affirmed that order, and the California Supreme Court denied review. (*People v. Harper* (June 14, 2016, E063475) [nonpub. opn.], review denied Sept. 21, 2016, S236073.) However, in 2017, a federal district court issued a writ of habeas corpus directing the trial court to resentence defendant pursuant to *Miller.* (See *Harper v. Davey* (C.D. Cal., Nov. 28, 2017, No. ED CV-16-02250-JFW (KES)) 2017 U.S. Dist. Lexis 196344.) On May 31, 2019, the trial court resentenced defendant to 25 years to life.

As noted, *ante*, effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3) to limit the application of the felony-murder rule and the crime of murder under the natural and probable consequences doctrine. (§§ 188, subd. (a)(3), 189, subd. (e)(1)-(3).) In addition, Senate Bill No. 1437 enacted former section 1170.95 (Stats. 2018, ch. 1015, § 4), which permitted persons previously convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, but who could not be so convicted under the amendments to sections 188 and 189 made by Senate Bill No. 1437, to petition the superior court to vacate their murder convictions and to resentence them on any remaining counts.

In January 2020, defendant filed the instant petition in the superior court. Using a check-box form, defendant alleged he was convicted of first degree murder "pursuant to the felony murder rule or the natural and probable consequence doctrine," but he could no longer be convicted under those theories. The People filed no written opposition but, at the hearing on the petition, the prosecutor asked that the petition be dismissed because the jury had found that defendant was a major participant in the robbery, who acted with reckless indifference to human life, for purposes of the robbery-murder special circumstance allegation. The trial court agreed and dismissed the petition.

II.

DISCUSSION

In the supplemental briefs filed after the California Supreme Court remanded this case to reconsider the cause in light of *Strong*, *supra*, 13 Cal.5th 698, the parties agree the trial court erred by finding that defendant had not made a prima facie showing for relief under former section 1170.95 because his first degree murder conviction and the jury's robbery-murder special circumstance finding occurred before our Supreme Court issued its decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Those decisions "clarified the meaning of the special circumstances statute" (*In re Scoggins* (2020) 9 Cal.5th 667, 671), specifically, the requirement under section 190.2, subdivision (d), that a defendant who is "'not the actual killer'" and is convicted of first degree murder is eligible for the sentence of death or LWOP only if the jury finds he acted with reckless indifference to human life and was a

6

major participant in the commission of the underlying felony, which resulted in the death (*Scoggins*, at p. 674).

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Id.* at p. 708.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid.*)

Where a defendant's "case was tried before both *Banks* and *Clark*, . . . special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

If a defendant has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) "[T]he court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or

8

manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Id.* at p. 709.) "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*Id.* at p. 710.)

Defendant's jury rendered its robbery-homicide special-circumstance finding long before the California Supreme Court decided *Banks* and *Clark*. So, with respect to that finding, "no judge or jury has ever found the currently required degree of culpability . . . ." (*Strong*, *supra*, 13 Cal.5th at p. 718.) Notwithstanding our original determination in this appeal, the jury's special circumstance finding did not by itself render him per se ineligible for relief under section 1172.6.[5] In sum, we must conclude that the trial court

---

[5] In their supplemental letter briefs, the parties also agree that this court's decision in *In re Harper*, *supra*, 76 Cal.App.5th 450, does not preclude defendant from relief either. We agree. In that proceeding, we held that the record from defendant's conviction contained substantial evidence (1) he was an active participant during the robbery, (2) he acted with reckless disregard for human life, and (3) his youth at the time of the offense did not decrease his culpability. (*Id.* at pp. 460-472.) In *Strong*, *supra*, 13 Cal.5th 698, the California Supreme Court held that a court's review for sufficiency of the evidence of a pre-*Banks/Clark* special circumstance finding does not preclude relief under section 1172.6. (*Strong*, at pp. 719-720.)

erred by denying defendant's petition on that basis alone. The matter must be remanded for a new prima facie hearing.

## IV.

## DISPOSITION

The order denying defendant's petition is reversed. The matter is remanded with directions for the trial court to hold a new prima facie review hearing. We express no opinion on whether defendant is entitled to the issuance of an OSC and an evidentiary hearing on his petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

10